# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| THEREPHERE L. VARISE, | ) | Case No. 1:12 CR 590 |
|---|---|---|
| | ) | 1:14 CV 2633 |
| Petitioner, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This matter is before the Court on Petitioner Therephere L. Varise's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, and his Supplement to that Motion. Docs. #38 and 39.

**I.  STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

1

## II. FACTUAL AND PROCEDURAL HISTORY

Pursuant to a plea agreement executed by Petitioner and Respondent on June 25, 2013, Petitioner agreed to the facts underlying his plea. In the agreement, Petitioner explicitly acknowledged that the summary of facts included in the agreement "fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea." Doc. #18, p. 7. Petitioner further agreed that the "facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial." Doc. #18, p. 7. The summary describes Petitioner's offense conduct as follows:

> During the time period of about November 26, 2012 until on or about December 3, 2012, THERPHERE L. VARISE possessed a firearm, to-wit: a Taurus Millennium, PT 140 Pro, .40 caliber handgun, serial number SZC01855. Furthermore, on December 6, 2012, VARISE possessed a firearm, to-wit: a .38 caliber Smith and Wesson revolver handgun, serial number 42411. VARISE possessed both of these firearms after having been previously convicted of Felonious Assault in the Cuyahoga County Court of Common Pleas in Case Number CR-03-433015ZA on or about July 15, 2003. These two firearms affected interstate commerce.
>
> Specifically, during the period of time approximately November 26, 2012 through December 3, 2012 VARISE stole a firearm, to-wit: a Taurus Millennium, PT 140 Pro, .40 caliber handgun, serial number SZC91855, from a known individual who had hidden the firearm in his backyard within the Northern District of Ohio. VARISE then contacted another known individual and arranged for that person to sell the firearm to yet another individual. VARISE split the proceeds of the sale.
>
> Furthermore, on or about December 6, 2012, VARISE possessed within his residence a friearm[sic], to wit: a 38[sic] caliber Smith and Wesson revolver handgun, serial number 42411. VARISE admitted to law enforcement that he did possess and control both firearms.

Doc. #18, p. 7-8.

Petitioner's plea agreement also addressed what the parties agreed was the applicable offense level:

> The parties agree that the following calculation, using the current advisory Sentencing Guidelines Manual, represents the correct computation of the applicable offense level:
>
>> 16(a): For purposes of determining Defendant's statutory penalty and imprisonment range under the United States Sentencing Guidelines, Defendant and government agree and stipulate that the base offense level for counts 1 and 2 is 20 pursuant to USSG §2K2.1(a)(4). The parties further agree that as it relates to Count 2, the parties retain the right to litigate whether a 2 level enhancement is appropriate pursuant to USSG §2K2.1(b)(4) as to whether the firearm was stolen.

Doc. #18, p. 5.

Prior to sentencing, defense counsel objected to the two level enhancement. Counsel argued that Petitioner had retrieved the firearm after it was abandoned and therefore the firearm was not stolen and could not be the basis of a sentencing enhancement. During the sentencing hearing, FBI Special Agent Platt explained that investigators learned of Petitioner's intent to steal the firearm from an acquaintance through a wiretap on his phone. Investigators first learned that Petitioner intended to rob the acquaintance's residence to obtain PCP, the firearm, and cash. Doc. #33, p. 5-7. At that time, investigators took steps to prevent the burglary. Doc. #33, p. 5-7. In the following days, Petitioner learned that the acquaintance buried the firearm and PCP in his back yard. Petitioner then conspired with a third party to locate and steal the items. Doc. #33, p. 7. Through Petitioner's telephone conversations with the third party, the Special Agent learned that the theft and then the sale of the firearm had occurred. Doc. #33, p. 7-9.

Subsequently, the third party who helped Petitioner steal and sell the firearm was questioned by law enforcement. Doc. #33, p. 8. He stated that Petitioner found the gun, dug it up, stole it, gave it to him to sell, and the two split the proceeds. Doc. #33, p. 8. Around the same time or shortly thereafter, investigators obtained and executed warrants to search Petitioner's house and arrest Petitioner. Special Agent Platt interviewed Petitioner pursuant to arrest. After receiving

3

a *Miranda* warning, Petitioner told Special Agent Platt that he stole the gun and arranged for a third party to sell it. Doc. #33, p. 9.

At the sentencing hearing, defense counsel elicited testimony from Special Agent Platt confirming the absence of any report of the alleged firearm theft to local law enforcement or to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Doc. #33, p. 11. Defense Counsel further challenged the Special Agent's characterization of multiple conversations between Petitioner and the third party about attempts to locate the firearm and the relationship between Petitioner and the owner of the firearm. Doc. #33, p. 11-15.

In support of his objections to the two-level enhancement, Petitioner testified that the acquaintance told him where the gun was because he was on the run, and that he, Petitioner, did not steal the gun, but simply recovered what his friend had abandoned when he left town. Doc. #33, p. 15-35. The Court concluded that the tapes of conversations obtained during the investigation would be the best evidence on the theft issue and continued the sentencing hearing to allow production of the tapes.

During the continued sentencing hearing, tapes of multiple conversations were played. These included recordings of Petitioner attempting to locate, locating, and announcing his intent to steal the firearm, followed by a discussion of the need to find someone who did not know the gun owner to sell it to so that the owner would not figure out that Petitioner took it. Doc. #35, p. 19-24. The Court, having listened to the recordings in full, admitted the transcripts of the recordings and found that Petitioner clearly stated that he had found a gun to steal when he uncovered the firearm. Doc. #35, p. 32. The Court concluded that the two level enhancement was appropriate. Doc. #35, p. 32. The Court further referenced testimony during the hearing and

material offered by the government, including Petitioner's uncontradicted prior statement acknowledging theft of the firearm, as additional support for this conclusion. Doc. #35, p. 32.

Petitioner filed the instant motion seeking to have his resulting sentence vacated. He has further amended his petition to contest the sentencing guideline applied to his prior criminal conduct. He argues that the language of the guideline is unconstitutionally vague pursuant to *Johnson v. United States*, 599 U.S. 133 (2010). The government has responded in opposition to the arguments raised by Petitioner in the petition and supplement. The Court now resolves the arguments.

**III.  LAW AND ARGUMENT**

In his original petition, Petitioner sought relief on four grounds. In all of his four initial grounds, Petitioner contends that he received ineffective assistance counsel. Petitioner contends that defense counsel's conduct was deficient in four areas: (1) Counsel failed to file a direct appeal of his sentence; (2) Counsel did not challenge the Court's improper use of the presentence report ("PSR") in sentencing (Petitioner refers to the document as both "a Shepard document" and "the PSR"); (3) Counsel did not challenge the testimony of the Federal Agent during the sentencing hearing; and (4) Counsel did not properly inform Petitioner that he was filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his Amended Petition, Petitioner argues that that his prior felonious assault conviction cannot be included in his criminal history score because the applicable sentencing guideline contains the same language the United States Supreme Court found void for vagueness in *Johnson*. The Court will consider Petitioner's grounds for relief in the order they were raised.

**(a)  INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), Petitioner must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (internal citation omitted).

If deficient conduct is identified, Petitioner must then demonstrate that counsel's deficient performance prejudiced his defense. *Id.* at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id.* at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693. In effect, the Sixth Circuit explains, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in the original). The Court will examine each of Petitioner's contentions.

First, Petitioner alleges that counsel was deficient by "not filing a direct appeal" expressing his "dissatisfaction with the two-level enhancement." Doc. #38, p. 10. The record reflects a timely notice of appeal filed on October 18, 2013, two days after Petitioner was sentenced. Doc. #28. The record further indicates that Petitioner's *pro se* motion for new appellate counsel was granted,

and new counsel was appointed by the United States Sixth Circuit Court of Appeals on December 9, 2013. Docs. #30, 31, 32. Appellate counsel filed a timely *Anders* brief on Petitioner's behalf on June 10, 2014. Appellate Doc. #28. The *Anders* brief specifically addressed Petitioner's dissatisfaction with the two-level enhancement. App. Doc. #28. The resulting Order from the Sixth Circuit reviewed the "procedural and substantive reasonableness" of Petitioner's sentence and found no error "in determining that Varise possessed a stolen firearm, as required to support the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A)." App. Doc. #30, p. 2. Thus, Petitioner's argument that counsel was deficient in failing to file an appeal has no basis in fact and is wholly without merit.

Second, Petitioner contends counsel failed to "[challenge] the testimony of the Federal Agent that testified about the stolen firearm." Doc. #38, p. 10. The transcript of the sentencing hearing includes counsel's cross-examination of FBI Special Agent Platt, during which the Agent admitted no police report or other record of the theft was made with the ATF. Doc. #33, p. 11. Counsel further questioned the Agent about the relationship between Petitioner and the acquaintance who owned the gun, to which the Agent responded "I don't know." Doc. #33, p. 12. Defense counsel brought Petitioner's version of the facts – his recovery of "abandoned" property – to the Court's attention at every opportunity: during the change of plea hearing, in the sentencing memorandum, and during both the initial sentencing and continued sentencing hearing. Docs. #24, 33, 34, 35. Petitioner's argument that counsel was deficient in his examination of Special Agent Platt and did not challenge his representation that the firearm was stolen has no basis in fact and is wholly without merit.

Third, Petitioner states that counsel was deficient in failing to object to the Court's use of the PSR when determining his sentence and two-level enhancement. Doc. #38, p. 10. Although

7

Petitioner references the PSR, he identifies no portion of the record that reflects a reference to the PSR in the Court's sentencing decision. The basis of the Court's conclusion concerning the firearm is clear. At sentencing, FBI Special Agent Platt testified concerning the investigation that led to Petitioner's arrest and firearm-related charges. Respondent then produced recordings of Petitioner describing his attempts to locate the firearm, steal the firearm and conceal the fact that he took the firearm. During the continued hearing, the Court plainly stated the evidentiary basis of the finding that the firearm was stolen, referencing only material presented at the hearing without reference to the PSR. There is no indication that the Court relied on any material beyond what was presented on the record at the sentencing hearings. The record of the hearings discloses ample evidence establishing the theft of the firearm in the form of Petitioner's recorded voice and his prior statements to law enforcement. The Sixth Circuit Court of Appeals has already confirmed that, having heard and admitted evidence of theft, there is no defect in the Court's application of the two-level enhancement for Petitioner's offense conduct. App. Doc. #30. Petitioner's argument that counsel was deficient in failing to make a frivolous objection has no basis in fact and is wholly without merit.

Fourth, Petitioner contends that appellate counsel was deficient in failing to notify him of the filing of an *Anders* brief. Petitioner alludes to a transfer from one corrections facility to another and suggests that appellate counsel knowingly sent information to the wrong location, preventing Petitioner from taking timely action to preserve his rights. Petitioner has produced no record of his transfer date or other support for this claim. In fact, Petitioner's August 29, 2014 letter indicates his knowledge of "my attorney filing an 'Anders Brief' on or about the date of June 10, 2014.'" App. Doc. #32. Finally, the Sixth Circuit Court of Appeals accepted the brief and found "Varise was notified of his right to respond but did not do so." App. Doc. #30. Nothing in the record or

produced by Petitioner suggests his claim that counsel failed to inform him of his rights under *Anders* has any basis in fact. Accordingly, Petitioner's four grounds seeking relief for ineffective assistance of counsel are overruled.

### (b) *U.S. V. JOHNSON*

Petitioner supplemented his petition to include a fifth ground for relief stating that the Court "erred [i]n [c]lassifying Petitioner's [f]elonious [a]ssault as a [c]rime of [v]iolence [u]nder the [r]esidual [c]lause of U.S.S.G. § 4B1.2(a)(2)." Doc. #39, p. 4. In support of his fifth ground, Petitioner makes in substance the same argument raised in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Petitioner contends that he was sentenced under a Guideline provision that reads identically to a statutory provision ruled unconstitutional by the Supreme Court in *Johnson*. The Supreme Court has resolved this issue:

> This Court held in Johnson v. United States, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles*, 137 S. Ct. at 890. Under *Beckles*, this Court similarly rejects Petitioner's argument that the Guideline used to calculate his sentence is unconstitutionally vague. Petitioner's fifth ground is also without merit.

### IV.   CONCLUSION

For the foregoing reasons, Petitioner Therephere L. Varise's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, as supplemented, is hereby DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

9

be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: November 27, 2017